IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENESHA LATTIMORE,

        **Plaintiff,**

    **vs.**

FRANKLIN COUNTY
CHILDREN'S SERVICES,

        **Defendant.**

**Case No. 2:25-cv-1362**
**Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth P. Deavers**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Kenesha Lattimore, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action. (ECF No. 1.) The Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED** in its entirety.

### I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015).  "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations

---

[1] Formerly 28 U.S.C. § 1915(d).

omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional.  *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.     ANALYSIS

Plaintiff brings this action, titled a Complaint for Declaratory Relief, against Franklin County Children's Services, Franklin County Probate Court, and Ohio Jobs and Family Service Interstate Compact on the Placement of Children Office.[2]  (Compl. at PageID 6–7.)  Plaintiff's Complaint is difficult to decipher, but it appears that Plaintiff alleges various state actions and orders are void and Defendants are enforcing these void orders.  (*Id.* at PageID 6–10.)  Plaintiff moves the Court "for a Declaratory Judgement, a statement of rights, to end enforcement of a void termination of parental rights, enjoin Respondents and their agents from any continued enforcement of said void orders, and to restore Plaintiff to her lawful parental status and prevent ongoing constitutional injury."  (*Id.* at PageID 6.)

The Undersigned finds that the Court must dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  All Defendants are not *sui juris*.  Defendant Franklin County Children's Services is a department or agency of Franklin County and lacks the capacity to be sued.  *See Cook v. Groveport Madison Loc. Sch. Dist.*, No. 2:25-CV-01117, 2025 WL 3537583, at *2 (S.D. Ohio Dec. 10, 2025) ("FCCS, as a department or agency of Franklin County is not *sui juris* and cannot be sued in its own right."); *Arsan v. Keller*, No. 3:17-CV-121, 2018 WL 635894, at *4 (S.D. Ohio Jan. 31, 2018) ("As a branch of the County government, Green County Children's Services Board lacks the capacity to be sued."), *report and*

---

[2] Plaintiff only names Franklin County Children's Services as a defendant in her caption and lists the other two parties as "respondents." (Compl. at PageID 5–7.)  The Court will consider all three entities as Defendants.

*recommendation adopted*, No. 3:17-CV-121, 2018 WL 3933706 (S.D. Ohio Aug. 16, 2018), *aff'd*, 784 F. App'x 900 (6th Cir. 2019).

Defendant Ohio Jobs and Family Service Interstate Compact on the Placement of Children Office appears to be an office within the Ohio Department of Job and Family Services and Department of Children and Youth and therefore not a separate legal entity capable of being sued.[3] *See Curry v. Fed. Gov't*, No. 1:24-CV-299, 2024 WL 2988884, at *3 (S.D. Ohio June 14, 2024) ("Under Ohio law, neither a county nor its department of job and family services is an entity capable of being sued.") (citation omitted); *Jabr v. Ohio Att'y Gen.*, No. 2:17-CV-18, 2017 WL 194352, at *2 (S.D. Ohio Jan. 18, 2017) ("[T]he Ohio Department of Taxation and the Ohio Department of Job and Family Services, as state agencies, are absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution."); *Holt v. Cuyahoga Cnty. Ct. of Common Pleas*, No. 1:25-CV-1706, 2025 WL 2410991, at *6 (N.D. Ohio Aug. 20, 2025) ("[T]he Ohio Division of Child and Family Services and Cuyahoga County Children and Family Services are sub-units of government and also lack the capacity to sue or be sued.").

Defendant Franklin County Probate Court lacks the capacity to be sued. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St. 2d 120, 121 (1973). Ohio county courts are arms for the state for "purposes of section 1983 liability and Eleventh Amendment immunity

---

[3] *See The Interstate Compact on the Placement of Children (ICPC)*, Ohio Department of Job & Family Services, https://jfs.ohio.gov/adult-protective-services/children-services-professionals/public-children-services-agencies-county-jfs/child-protective-services/the-interstate-compact-on-the-placement-of-children; *The Interstate Compact on the Placement of Children (ICPC)*, Ohio Department of Children & Youth, https://childrenandyouth.ohio.gov/for-providers/resources/interstate-compact-on-the-placement-of-children.

analyses." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).  *See also Cooper v. Rapp*, No. 2:16-CV-00163, 2016 WL 7337521, at *8 (S.D. Ohio Dec. 19, 2016), *aff'd*, 702 F. App'x 328 (6th Cir. 2017) (state court is not a proper party because it lacks an independent legal existence and therefore is incapable of being sued) (internal quotation marks and citation omitted).

In sum, the Undersigned finds that Plaintiff fails to state a claim upon which relief may be granted.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims be dismissed in their entirety.

## III.    CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

In light of the foregoing reasons, the Undersigned also **RECOMMENDS** that the Court **DENY as moot** Plaintiff's Motion to Obtain Electronic Case Filing Rights (ECF No. 2) and Emergency Motion for Preliminary Equitable Relief and Temporary Restraining Order (ECF No. 3).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Responses to objections must be filed within **14 DAYS** after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .." (citation omitted)).

**IT IS SO ORDERED.**

DATED:  February 10, 2026

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

7